An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN ROWE-GRALNICK,
PERSONAL REPRESENTATIVE FOR
THE ESTATE OF ALAN GRALNICK,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
GERALD W. HARDCASTLE, DISTRICT
JUDGE,
Respondents,
and
ANN GRALNICK,
Real Party in Interest.

No. 63168

**FILED**

MAY 10 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY H. Anderson
DEPUTY CLERK

### ORDER DENYING PETITION
### FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for writ of mandamus, or alternatively, prohibition, challenges a district court order setting a hearing to show cause why petitioner, petitioner's counsel, and counsel's law firm should not be held in contempt.

Whether a petition for mandamus or prohibition relief will be considered is purely discretionary with this court. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Petitioner indicates in her petition for writ relief that a written order has not yet been entered setting the hearing to show cause that petitioner asks this court to arrest. This petition is therefore improper, as an oral order is ineffective because the district court remains

13-13801

free to reconsider the issue. *Div. of Child & Family Servs., Dep't of Human Res., State of Nevada v. Eighth Judicial Dist. Court*, 120 Nev. 445, 451, 92 P.3d 1239, 1243 (2004). Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Saitta

cc:  Chief Judge, The Eighth Judicial District Court
     Hon. Gerald W. Hardcastle, Senior Judge
     Abrams Law Firm, LLC
     Moran Law Firm, LLC
     Eighth District Court Clerk

_____

[1]This order does not prevent petitioner from challenging any order holding her, her attorney, or her attorney's law firm in contempt by further writ petition. *Emerson v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 263 P.3d 224, 227 (2011) (explaining that consideration of a writ petition challenging an order sanctioning a party's attorney is proper because the attorney was not a party to the litigation and therefore the attorney cannot appeal and has no other remedy available at law); *Div. of Child & Family Servs.*, 120 Nev. at 449-50, 92 P.3d at 1242 (holding that the proper way to challenge a contempt order is through a writ petition).